**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL BRANDON STORY,

                              Plaintiff,

   v.

CENTRAL INTELLIGENCE AGENCY,

                              Defendant.

No. 1:24-CV-00631
(MAD/CFH)

---

**APPEARANCES:**

MICHAEL BRANDON STORY
56 Shelterwood Road
Apartment A
East Greenbush, New York 12061
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. Magistrate Judge**

**REPORT-RECOMMENDATION & ORDER**

**I. In Forma Pauperis**

Plaintiff pro se Michael Brandon Story ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 7, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). [1]  In

---

[1] Plaintiff has also filed several other actions in this Court, all of which he filed on May 6, 2024, and May 7, 2024.  Some of these actions are still pending review by this Court.  See Story v. Federal Communications Commissions, No. 1:24-CV-00625 (MAD/CFH) (Report-Recommendation recommending dismissal without leave to amend pending review); Story v. Fort Gordon, United States Military, No. 1:24-CV-00626 (MAD/CFH) (Report-Recommendation recommending dismissal without leave to amend pending review); Story v. National Security Agency, 1:24-CV-00626 (MAD/CFH) (Report-Recommendation recommending dismissal without leave to amend pending review).  The following cases have been deemed related by the Court: 1:24-CV-00623, 1:24-CV-00625, 1:24-CV-00626, 124-CV-00627, 1:24-CV-631, 1:24-CV-632.  See Dkt. No. 5.  On August 5, 2024, plaintiff filed a notice of voluntary dismissal in 1:24-CV-623, Story v. Federal Bureau of Investigation, and 1:24-CV-632 and Story v. Federal Bureau of Investigation.  See Dkt. No. 6 (both cases).  On August 8, 2024, the Court entered orders voluntarily dismissing both cases.  See Dkt. No. 7 (both cases).

1

lieu of paying this Court's filing fee, he submitted an application for leave to proceed in forma pauperis ("IFP").  See Dkt. No. 2.  The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2]   Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915.

## II.  Initial Review

### A.  Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  As the Second Circuit stated,

> There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro

---

[2] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

2

> se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).  Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought. . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Allegations that "are so vague as to fail to give the defendants

3

adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal

theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D.Conn. Nov. 8, 1999)[3] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis.").

### C.  **Complaint**

Using a civil form complaint for claims pursuant to 42 U.S.C. § 1983, plaintiff's complaint indicates in the caption and on the second page that he seeks to sue the Central Intelligence Agency.  See Compl. at 2.  Elsewhere in the complaint, when asking if the defendant is a corporation, he states that the defendant is the Federal Bureau of Investigation.  See id. at 4.  He indicates that the basis for this Court's jurisdiction is federal question and "entrapment under privacy laws article 3."  Id. at 3.  Plaintiff demands $250,000,000.  See id. at 4.  Plaintiff's statement of the claim states, "Encroached from civilians reading data from global satellite system."  Id.  Plaintiff's civil cover sheet checks a box that indicates that his matter involves "other civil rights" and in the section asking for the U.S. civil statute under which he is filing, he writes, "Encroachment privacy laws Article 12, 18" and where it asks him to provide a "brief description of the case, plaintiff indicated, "Global Surveillance satellite system."  Dkt. No. 1-1 at 1.

---

[3]  Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

D. **Analysis**[4]

Plaintiff's statement of the claim closely mirrors those made in his related case, Story v. National Security Agency, 1:24-CV-00626 (MAD/CFH).[5]  As in that case, plaintiff's complaint here offers no factual support or context for his claim that civilians are "encroach[ing]" and "reading data from global satellite system" or how that is connected to any valid claims he may have against the Central Intelligence Agency or Federal Bureau of Investigation.[6]  He does not explain what "privacy laws," "article 3," or "Encroachment privacy laws Article 12, 18" is referring to.  Compl., Dkt. No. 1-1.

As a threshold issue, plaintiff's complaint fails to meet the requirements of Fed. R. Civ. P. 8 and 10.  It does not set forth claims in numbered paragraphs and, more significantly, does not set forth claims with sufficient detail to give defendant notice of the claim against it.  See Sheehy, 335 F. App'x at 104; Compl.  The complaint provides no detail, context, or time frame for the alleged surveillance.  Plaintiff also does not provide a "short and plain statement of the grounds for the court's jurisdiction."  FED. R. CIV. P. 8; Lamothe v. Brown, 5:22-CV-161 (TJM/CFH), 2023 WL 316013, at *8 (D. Vt. Jan. 19, 2023) ("The lack of factual support, context, or clear statements of the claims

---

[4] Although the Court generally provides copies of unpublished decisions to pro se plaintiffs, copies of some cases cited herein will not be provided to plaintiff because the Court sent plaintiff these cases in connection with another of his cases filed a few weeks earlier.  See Story v. Federal Communications Commissions, No. 1:24-CV-00625 (MAD/CFH). Thus, to provide another set of copies of these cases would be a waste of resources and is unnecessary.   Plaintiff is directed to the unpublished cases provided with the Report-Recommendation & Order in Story v. Federal Communications Commissions, No. 1:24-CV-00625 (MAD/CFH).  Only those cases cited within this Report-Recommendation & Order that were not provided along with plaintiff's prior recent cases will be sent to plaintiff at this time.
[5] Although these matters could likely be consolidated, because the undersigned recommended dismissal of both cases, without leave to amend and the consolidation may cause confusion for the pro se plaintiff, the undersigned is not recommending consolidation here.  See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990) (noting that district courts have broad discretion in assessing whether consolidation is appropriate).
[6]  Plaintiff lists the Federal Bureau of Investigation on the civil cover sheet, but that defendant is not listed anywhere in the complaint.  See Dkt. No. 1-1.

and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8[.]"). It is further unclear how the Central Intelligence Agency is involved in any surveillance of plaintiff, let alone surveillance done by "civilians." Compl.

Although plaintiff does not cite the United States' Constitution, out of special solicitude, the undersigned has considered whether plaintiff may be attempting to raise a claim pursuant to the Fourth Amendment right against unreasonable searches. However, even if plaintiff did seek to proceed under the Fourth Amendment, plaintiff does not specify whether he contends that he is being surveilled in his home, when he is driving his vehicle, or operating in public spaces. There is no reasonable expectation of privacy in public areas and "[a] person travelling [sic] in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another." United States v. Knotts, 460 U.S. 276, 281, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983); see also Katz, 389 U.S. at 351, 88 S.Ct. 507 ("What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection."). Arial surveillance of a residence is also not a violation of the Fourth Amendment. See California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625 (1988); California v. Ciraolo, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986).

The undersigned is unable to determine to what plaintiff is referring when he cites "entrapment under privacy laws article 3." Compl. Generally, to the extent that plaintiff is alleging that the Central Intelligence Agency somehow entrapped him, entrapment is an affirmative defense under New York State penal law. "[A] claim of entrapment cannot be a basis for a section 1983 claim." Almonte v. Florio, No. 02 CIV. 6722 (SAS),

2004 WL 60306, at *3 (S.D.N.Y. Jan. 13, 2004).  "'[A]n investigative officer's participation in an entrapment does not violate the target's constitutional rights, even though entrapment might be established as a defense to the criminal charge.'" Id. (quoting Smith v. Garretto, 147 F.3d 91, 94 (2d Cir. 1998)).  Thus, to the extent plaintiff claims the Central Intelligence Agency[7] engaged in entrapment, he cannot proceed on any such claim under section 1983.  See id.

  Further, to the extent plaintiff's complaint makes reference to civilian conduct, any misconduct that civilians may have committed does not amount to a violation of plaintiff's constitutional rights as they are not state actors.  Compl. at 4. "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (quoting United States v. Int'l Brotherhood of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991)). "Private parties generally are not state actors and therefore are not usually liable under [§] 1983." Yi Sun v. Saslovsky, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *7 (S.D.N.Y. Aug. 6, 2020) (citing Sykes v. Bank of America, 723 F.3d 399, 406 (2d Cir. 2013)); see Basile v. Connolly, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) ("[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law.").[8]

---

[7] The undersigned again notes that plaintiff has not named any individuals who participated in this alleged entrapment.

 [8] While private parties generally are not state actors, their conduct can be attributed to the state for Section 1983 purposes if "(1) the State compelled the conduct [the "compulsion test"], (2) there is a sufficiently close nexus between the State and the private conduct [the "joint action test" or "close nexus test"], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the state [the

8

Although not certain, it is possible that plaintiff is attempting to cite the United Nations Universal Declaration of Human Rights[9] "which is a non-binding declaration that provides no private rights of action." United States v. Chatman, 351 F. App'x 740, 741 (3d Cir. 2009) (summary order) (citing Sosa v. Alvarez–Machain, 542 U.S. 692, 734 (2004) (explaining that the Universal Declaration is not a treaty or international agreement that imposes any legal obligations or rights enforceable in federal court)). Thus, even if it is relevant to the issue of privacy, its alleged violation is not subject to review before this Court. See id.

Alternatively, he may be referring to the General Data Protection Regulation, a set of European Union privacy laws that do not apply to the United States. See Commission Regulation 2016/679, of General Data Protection Regulation, 2018 O.J., available at https://gdpr-info.eu/ (last visited Oct. 9, 2024). Thus, even if this is the basis for plaintiff's claims, he cannot seek any relief in this Court for any alleged violations.

Even if the Court could ascertain the basis or bases of plaintiff's claims, the claims almost certainly would also fail because plaintiff seeks to sue the Central Intelligence Agency, which, as an agency of the United States government, is subject to sovereign immunity absent a waiver. "To begin with, the doctrine of sovereign immunity

---

"public function test"]." Hogan v. A.O. Fox Mem'l Hosp., 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008)).

Jeanty v. Sciortino, 669 F. Supp. 3d 96, 112-13 (N.D.N.Y. 2023), reconsideration denied sub nom. Jeanty v. Bagley, No. 6:22-CV-319 (BKS/TWD), 2023 WL 5175832 (N.D.N.Y. Aug. 11, 2023). Opportunity to amend to permit plaintiff the chance to name individual civilians and attempt to demonstrate one of these exceptions – something that is not even hinted at in the current pleading – is not recommended as the undersigned concludes that the underlying claims are fanciful and frivolous.

[9] This document has an article 3, but it does not appear to relate to privacy or "entrapment." See United Nations Universal Declaration of Human Rights. https://www.un.org/en/about-us/universal-declaration-of-human-rights (last visited Oct.9, 2024).

bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived." Cox v. New York State, No. 1:23-CV-0060 (MAD/CFH), 2023 WL 2770368, at *5 (N.D.N.Y. Apr. 4, 2023), report and recommendation adopted, No. 1:23-CV-00060 (MAD/CFH), 2023 WL 6862505 (N.D.N.Y. Oct. 18, 2023) (citation omitted).

> To the extent plaintiff seeks to sue the United States or federal agencies for . . . violations of his constitutional rights, regardless of the form of relief requested, plaintiff cannot proceed under Bivens. See, e.g., Perez v. Hawk, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004) ("[T]he United States is immune from constitutional tort claims against the United States, its agencies, or federal employees sued in their official capacities."); Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Further, even if plaintiff had properly named individual federal officers as defendants – which he has not – very few constitutional claims can proceed under Bivens. The Supreme Court has held that Bivens allows claims with respect to two additional and specific constitutional claims: pursuant to the Fifth Amendment relating to sex discrimination in employment and the Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment to a federal prisoner.

Cox, 2023 WL 2770368, at *6. Here, plaintiff has not named any individual federal officers. Even if he could amend to identify individual officers, it is clear that even under the most liberal interpretations, he has not raised claims that would fall into these narrow Bivens exceptions to sovereign immunity. See Compl.

The Supreme Court of the United States has held that a claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Many

10

Courts, including those in this Circuit, have dismissed satellite surveillance claims by the government as frivolous.  See, e.g., Quarles v. Murphy, 17-CV-76 (AMD), 2017 WL 5558644 (E.D.N.Y. Mar. 6, 2017) (holding that the plaintiff's claims of FBI surveillance, including allegations of audio and video surveillance, "rise to the level of the irrational or the wholly incredible.").  The undersigned concludes that plaintiff's assertions of encroachment due to the "reading [of] data" from a "global satellite system" by the Central Intelligence Agency or the Federal Bureau of Investigation or "civilians" "rise[s] to the level of irrational or the wholly incredible."  Id.  Accordingly, it is recommended that the action be dismissed as "frivolous or malicious" pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

Although the district court generally affords a pro se plaintiff at least one opportunity to amend prior to outright dismissal, this is not required when, as where, it is clear that any attempt to amend would be futile.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015).  Plaintiff has failed to meet the pleading requirements and his claims are "essentially fictitious[.]" Hines v. United States, No. 6:19-CV-06837 (MAT), 2020 WL 570605, at *2 (W.D.N.Y. Feb. 5, 2020).  Plaintiff's complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit[.]'"  Hines, 2020 WL 570605, at *2.  As no better pleading would cure these defects, the undersigned recommends dismissal without leave to amend.  See, e.g., Sherven v. United States, No. 1:23-CV-02912 (UNA), 2023 WL 7128466, at *1 (E.D.Ca. Oct. 27, 2023) (dismissing a case following initial review when "the facts alleged rise to the level of the irrational or the wholly incredible, or postulat[e] events and circumstances of a wholly fanciful kind[.]") (internal quotation marks and

citations omitted).   Firstly, plaintiff claims that defendant engaged in entrapment, and even if plaintiff could amend to provide detail or name an individual federal officer, there is no basis for a section 1983 claim based on entrapment.  See Almonte, 2004 WL 60306, at *3.

Plaintiff's complaint, which refers, like his earlier cases, to satellite monitoring or reading of "data" by government agencies or "civilians" through a "global satellite system," is clearly "'a case[] in which the complaint[s are] so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Lamothe, 2023 WL 316013, at *7 (quoting Salahuddin, 861 F.2d at 42 (citations omitted)); Hatser, 2018 WL 816846, at *3 ("Even in light of the special solicitude to be accorded to pro se plaintiffs' complaints, 'courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations[.]'") (quoting Giamattista v. Am. Airlines, Inc., 584 F. App'x. 23, 25 (2d Cir. 2010) (summary order)).

### III. Leave to Amend

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).  "When the basis for dismissal is a defendant's entitlement to immunity, for

12

example, the pleading defects are 'substantive rather than formal and [] leave to amend would be futile.'" Mahmood, 2020 WL 3965125, at *2 (N.D.N.Y. Mar. 17, 2020) (quoting Jackson v. Pfau, 523 F. App'x 736, 737 (2d Cir. 2013) (summary order)).

An opportunity to amend is not required when, as where, it is clear that any attempt to amend would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015).  Plaintiff has failed to meet the pleading requirements under Rules 8 and 10, but beyond that, his claims are "essentially fictitious[.]"[10]  See supra.   Plaintiff's complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit[.]'" Hines, 2020 WL 570605, at *2. Plaintiff has filed several actions in this District, over a period of two days, with closely related or nearly identical claims about surveillance monitoring by various government entities, and in all of the cases that are still open, recommendations for dismissal are pending District Court review.  See supra n.1.  Plaintiff's allegations are clearly "'a case[] in which the complaint[s are] so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Lamothe, 2023 WL 316013, at *7 (quoting Salahuddin, 861 F.2d at 42 (citations omitted)); Hatser, 2018 WL 816846, at *3 ("Even in light of the special solicitude to be accorded to pro se plaintiffs' complaints, 'courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations[.]'") (quoting Giamattista v. Am. Airlines, Inc., 584 F. App'x. 23, 25 (2d Cir. 2010) (summary order)).  Review of this complaint, especially in consideration with those actions, reveals that no better pleading would cure these

---

[10] As to the alternate recommendation for dismissal due to sovereign immunity, the undersigned notes that it is not recommended that leave to amend be permitted to clarify whether he first sought to proceed with an FTCA claim via the appropriate agency because it is clear that there is no substance to his claims.

13

defects. Thus, the undersigned recommends dismissal without leave to amend. See, e.g., Sherven v. United States, No. 1:23-CV-02912 (UNA), 2023 WL 7128466, at *1 (E.D.Ca. Oct. 27, 2023) (dismissing a case without leave to amend following initial review when "the facts alleged rise to the level of the irrational or the wholly incredible, or postulat[e] events and circumstances of a wholly fanciful kind[.]") (internal quotation marks and citations omitted). Accordingly, it is recommended the matter be dismissed without prejudice[11] and without opportunity to amend.

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and without leave to amend**, and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS**

---

[11] "A dismissal for lack of subject matter jurisdiction must be without prejudice, because 'without jurisdiction, the district court lacks the power to adjudicate the merits of the case.'" McKie v. Kornegay, No. 21-1943, 2022 WL 4241355, at *2 (2d Cir. Sept. 15, 2022) (summary order) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54-55 (2d Cir. 2016)).

**REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.

See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

    Dated: October 10, 2024
    Albany, New York

*[signature]*
Christian F. Hummel
U.S. Magistrate Judge